# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PATRICK WALKER,

        Plaintiff,

VS.

WILLIAM DANFORTH,
TED PHILBIN,
AL JONES, AVERY MOODY,
PA Nurse SELESKA, and
TERESA NALL,

        Defendants.

NO. 7:11-CV-71 (HL)

**ORDER & RECOMMENDATION**

Plaintiff **PATRICK WALKER**, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 6). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Baldwin State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

2

law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

*A. Allegations that Defendants Moody, Seleska, Nall, and Jones were deliberately indifferent to Plaintiff's serious medical needs*

Plaintiff states that he suffers from avascular necrosis in his left hip. He explains that he had a hip replacement in 2007, but still suffers from extreme pain when he walks. Plaintiff alleges that he must use a walking cane to help him walk and, even with the assistance of a cane, he can only walk a short distance. According to Plaintiff, he was taking "eight (8) Percoset's (sic) pain medications, four (4) times a day" when he was transferred from Augusta State Medical Prison to Valdosta State Prison in August 2010.

Plaintiff claims that following his transfer to Valdosta State Prison, Dr. Moody, P.A. Nurse Seleska, and Nurse Teresa Nall were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments. Specifically, Plaintiff states that Dr. Moody discontinued his pain medication because Teresa Nall informed him that Plaintiff "palmed [his] pain medications [when he] walked away from the pills call window." Plaintiff claims that this is not true

3

and Officer Christian told Dr. Moody that Plaintiff had, in fact, ingested his various medications. However, Dr. Moody would not allow him to have his necessary medications. Plaintiff claims that Dr. Moody, P.A. Nurse Seleska, and Teresa Nall forced him to go without any pain medication for three months and, during this time, he was in excruciating pain. He alleges that P.A. Fry (not named as a Defendant in this action) finally gave him some muscle relaxants, but these did little to ease his pain.

Plaintiff claims that he refused to leave administrative segregation for more than four months "because [he knew] that [he] wouldn't be able to walk back and forward with the pain [that he was] having." In an attached grievance, Plaintiff shows that he remained in administrative segregation "because it [was] painful for [him] to try walking out there in [the] general population."

Plaintiff also states that Dr. Moody informed him that he will be allowed to see a "Bones Specialist" in Atlanta. Plaintiff alleges that Dr. Moody failed to follow through with setting up this appointment.

Plaintiff maintains that he wrote letters to Medical Administrator Al Jones and spoke with Defendant Jones personally in September 2010 regarding his pain medication, his disabilities, and his "pain and suffering." Plaintiff states that he specifically wrote Defendant Jones regarding his inability to "get any pain medications" and spoke to Defendant Jones regarding this matter when Plaintiff was "going to [a] sick call" appointment. Plaintiff alleges that Al Jones refused to help him obtain any pain medication and told Plaintiff that "because of what [he] was convicted of," he "need[ed] to suffer."

At this stage in the litigation, the Court will allow this claim to go forward against these four Defendants.

B. *Allegations of equal protection violations by Defendants Jones, Seleska, and Moody*

Plaintiff also states that Al Jones, P.A. Nurse Seleska, and Dr. Moody "won't do [anything] for the black inmates, unless they have no other choice." To any extent that Plaintiff seeks to make a claim under the Equal Protection Clause in addition to his claims under the Eighth Amendment, Plaintiff's conclusory allegation fails to do so. To establish a claim cognizable under the Equal Protection Clause, a prisoner must show that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the defendants engaged in the invidious discrimination against the plaintiff based on race, religion, national origin, or some other constitutionally protected basis. **Jones v. Ray**, 279 F.3d 944, 946-47 (11th Cir. 2001); **Damiano v. Florida Parole and Prob. Comm'n**, 785 F.2d 929, 932-33 (11th Cir. 1986); **Sweet v. Sec'y, Dep't of Corr.**, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). Plaintiff fails to identify any similarly situated inmate that received more favorable treatment. Thus, "[Plaintiff's] equal protection claim necessarily fails . . . because he has not shown that he was treated differently from other, similarly situated prisoners." **Sweet**, 467 F.3d at 1319. Beyond Plaintiff's self-serving and conclusory allegation, he alleges nothing to suggest that the Defendants took any action against him based on his race. Bald assertions that a defendant is violating the equal protection clause or discriminating against an individual, without more, will not support a § 1983 claim. Therefore, to the extent that Plaintiff seeks to set forth an equal protection claim, the Court concludes that Plaintiff's mere conclusory assertion does not rise

to the level of an equal protection violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

Accordingly, it is **RECOMMENDED** Plaintiff's equal protection claim be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

## *C. Claims against Defendants Danforth and Philbin*

Plaintiff states that he has named Warden Danforth and Deputy Warden Philbin as Defendants because they denied various grievances that he filed. Plaintiff alleges that he has filed grievances regarding Valdosta State Prison's failure to accommodate his disability. For example, he states that he submitted grievances addressing the long distance he has to walk from the dormitory to the medical unit and to the dining area. Plaintiff also filed a grievance regarding the lack of a railing in the showers. Plaintiff states that he filed grievances when Dr. Moody discontinued his pain medications and grievances when Dr. Moody informed him that he must pay $5.00 for his medications. It appears that Warden Danforth and Deputy Warden Philbin denied these grievances. Plaintiff alleges that some grievances were denied for "frivolous reasons."

The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. ***See Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, prison officials' denial of grievances is not actionable under 42 U.S.C. § 1983.

Moreover, these Defendants are not liable for the actions of their subordinates or employees simply because they denied Plaintiff's various grievances. "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *See Nesbitt v. State*, No. 5:05-CV-98, 2006 U. S. Dist. LEXIS 38392 at *8 (N. D. Fla., June 9, 2006) (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1106 (11th Cir. 1999)), *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *affd*, 915 F.2d 1574 (6th Cir. 1990), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Accordingly, it is **RECOMMENDED** Plaintiff's allegations regarding the grievance process, and Defendants Danforth and Philbin be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order.

## *D. Request for injunctive relief*

Plaintiff seeks damages and injunctive relief. Plaintiff has been transferred from Valdosta State Prison. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

It is therefore **RECOMMENDED** that Plaintiff's request for injunctive relief be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

As stated above, the Court cannot find, at this stage in the litigation, that Plaintiff's claim that Defendants Moody, Seleska, Nall, and Jones were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments is frivolous. Therefore this claim shall go forward against Defendants **MOODY, SELESKA, NALL, AND JONES.**

It is hereby **ORDERED** that service be made against these four Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been

disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

. **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a

showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 11th day of July, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb