IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICK WALKER, | : |
| Plaintiff, | : |
| VS. | : |
| | :    7 :11-CV-71 (HL) |
| AL JONES, *et al*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on May 31, 2011. (Doc. 2). Presently pending in this action are Plaintiff's Motions for the Appointment of Counsel, and Motion for Injunctive Relief. (Docs. 15, 18, 19).

*Appointment of Counsel (Docs. 15, 18)*

Plaintiff filed Motions for Appointment of Counsel on July 25, 2011 and September 12, 2011. Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of Court-appointed legal counsel and that the existence of

exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED** at this time.

*Injunctive Relief (Doc. 19)*

Plaintiff filed this Motion for Injunctive Relief on September 21, 2011, requesting the Court grant Plaintiff injunctive relief against Hancock State Prison, and require the prison to give him pain medication or surgery.  On September 30, 2011, Plaintiff notified the Court he had been transferred to Smith State Prison.  (Doc. 24).  Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to a different prison facility.  *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  As Plaintiff has been transferred to a different prison, it is the recommendation of the undersigned that Plaintiff's Motion for Injunctive Relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 2nd day of November, 2011.


s/ *THOMAS Q. LANGTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf