IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **PATRICK WALKER,**  Plaintiff,  v.  **AL JONES *et al.*,**  Defendants. | Civil Action No. 7:11-cv-71 (HL) |

## ORDER

Plaintiff Patrick Walker, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs and violated his rights under the Americans with Disabilities Act (ADA). Defendants filed a Motion for Summary Judgment on February 27, 2012. (Doc. 37.) Magistrate Judge Thomas Q. Langstaff reviewed the case and the motion for summary judgment and issued a report and recommendation on June 28, 2012. (Doc. 47.) Plaintiff did not file an objection within the 14-day window for objections, and the Court, after a *de novo* review of the case, adopted the recommendation of the magistrate judge and granted summary judgment for the Defendants on July 18, 2012.

On July 23, 2012, Plaintiff filed an objection to the report and recommendation of the Magistrate. The date that the objection was received was outside of the 14-day window for objections, but the objection was dated July 13,

2012, which was within the 14-day period. It is conceivable that the objection was completed within the statutory period for objections and simply not received by the Court until after the time period for objections had expired. Therefore, in an excess of caution, the Court will consider Plaintiff's objections.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, stating that he suffers from "avascular necrosis" in his left hip that causes him extreme pain when he walks. (Doc. 2, p. 5.) Plaintiff maintains that when he was transferred from Augusta State Medical Prison to Valdosta State Prison in August of 2010, he was taking eight Percocet pain pills four times a day for his condition. However, he goes on to claim that when he was at Valdosta State Prison, Defendants discontinued his pain medication, causing him extreme pain and discomfort.

In his Recommendation, Magistrate Judge Thomas Q. Langstaff recommended that summary judgment be granted in favor of Defendants based on his findings that Defendants were not deliberately indifferent to Plaintiff's serious medical needs, nor did they violate Plaintiff's rights under the ADA. Judge Langstaff noted that there was evidence that Plaintiff did not comply with the proper procedures for receiving his medication. For example, Defendant Teresa Nall saw Plaintiff "separate his [pain medication] from the rest of his medications and palm it in his hand." (Doc. 47, p. 6.) After this incident, Plaintiff's medication was ordered to be "crushed and floated," meaning that be ground into a powder and mixed into a liquid. Id. Rather than take his medication in this form,

2

Plaintiff "threw the medication on the ground, became verbally abusive, and left the pill call line." Id. Plaintiff's pain medication was eventually discontinued because he was not taking it as prescribed. (Doc. 47, p. 7.)

In his objection, Plaintiff reiterates his claims that his rights were violated and he requests that the Defendants take a "lie detector test," which Plaintiff claims will show that Defendants are lying in their assertions about the treatment provided to Plaintiff. Specifically, Plaintiff claims that Defendants are lying about seeing him palm his pain medications. Plaintiff asks for relief based on the amount of his suffering based on Defendants' refusal to provide him pain medication.

The arguments raised by Plaintiff in his objection are not new, nor do they persuade this Court that it is appropriate to vacate the judgment that has already been entered in this case. The judgment rendered in favor of Defendants stands, despite Plaintiff's objections.

**SO ORDERED,** this 16th day of August, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr